UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| SANDY SMITH,<br><br>                 Plaintiff,<br><br>          -against-<br><br>NATIONS RECOVERY CENTER, INC.,<br><br>                Defendant. | COMPLAINT    1:19-CV-1229[MAD/DJS] |

**PLAINTIFF'S COMPLAINT**

Plaintiff, SANDY SMITH ("Plaintiff"), through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, NATIONS RECOVERY CENTER, INC., ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the Town of Broadalbin, Fulton County, State of New York.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5). Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a Georgia limited liability company and debt collection agency based the City of Atlanta, Fulton County, State of Georgia.

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acts through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. Plaintiff does not owe the alleged debt.

19. Plaintiff is not the correct debtor that Defendant is looking for—they only share similar names.

20. Within in the last year, Defendant has attempted to collect a consumer debt from Plaintiff.

21. In or around November 2018, Defendant began calling Plaintiff in an attempt to collect an alleged debt.

22. Defendant calls Plaintiff from 866-929-6974, which is one of Defendant's telephone numbers.

23. Defendant calls Plaintiff on her home landline telephone at 518-882-0439.

24. On or about November 22, 2018, Plaintiff returned a call to Defendant and left a voicemail message for Defendant.

25. During the above-referenced voicemail message, Plaintiff made clear that she did not want to be called by Defendant.

26. Despite Plaintiff's request for Defendant to stop calling Plaintiff, Defendant continued to call Plaintiff unabated.

27. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of

the alleged debt—a debt which she does not even owe.

28. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt—a debt which she does not even owe.

29. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692b(3) of the FDCPA by communicating with Plaintiff more than once;

   b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant attempted to collect a debt that Plaintiff does not owe;

   c. Defendant further violated § 1692d of the FDCPA when Defendant continued to call Plaintiff after Plaintiff made clear to Defendant that she did not want to be called by Defendant;

   d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued

  to call Plaintiff after Plaintiff made clear to Defendant that she did not want to be called by Defendant;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated §1692e(2)(A) of the FDCPA with its false representation of the character, amount, or legal status of any debt when Defendant attempted to collect a debt from Plaintiff that Plaintiff does not even owe;

g. Defendant violated § 1692e(10) of the FDCPA by its use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer when Defendant created the false impression on Plaintiff that Defendant was permitted by law to call Plaintiff with impunity despite Plaintiff making clear to Defendant that she did not want to be called by Defendant;

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, SANDY SMITH, respectfully requests judgment be entered against Defendant, NATIONS RECOVERY CENTER, INC., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, and

34.     Any other relief that this Honorable Court deems appropriate.

               RESPECTFULLY SUBMITTED,

October 4, 2019      By: /s/ Shireen Hormozdi
            Shireen Hormozdi
            Hormozdi Law Firm, LLC
            1770 Indian Trail Lilburn Road, Suite 175
            Norcross, GA 30093
            Tel: 678-395-7795
            Fax: 866-929-2434
            shireen@agrusslawfirm.com
            shireen@norcrosslawfirm.com
            Attorney for Plaintiff