**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SANDY SMITH,

                                    Plaintiff,

       vs.                                                    1:19-CV-1229
                                                              (MAD/DJS)

NATIONS RECOVERY CENTER, INC.,

                                    Defendant.

_____

APPEARANCES:                          OF COUNSEL:

**AGRUSS LAW FIRM, LLC**              **JAMES J. PARR, ESQ.**
4809 N. Ravenswood Avenue
Suite 419
Chicago, Illinois 60640
Attorneys for Plaintiff

**HORMOZDI LAW FIRM, LLC**            **SHIREEN HORMOZDI, ESQ.**
1770 Indian Trail Lilburn Road
Suite 175
Norcross, Georgia 30093
Attorneys for Plaintiff

**BARRON, NEWBURGER LAW OFFICE**      **ARTHUR SANDERS, ESQ.**
30 South Main Street
New City, New York 10956
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

       Plaintiff commenced this action on October 14, 2019, alleging violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, _et seq._ ("FDCPA").  _See_ Dkt. No. 1.  On November

18, 2019, Defendant filed its answer.  _See_ Dkt. No. 10.  On January 2, 2020, Plaintiff filed her

notice of settlement and on January 3, 2020, the Court entered its Order of Dismissal by Reason of

Settlement.  _See_ Dkt. No. 22.

After Defendant failed to consummate the settlement, Plaintiff moved to reopen this case, which the Court granted on June 25, 2020.  *See* Dkt. Nos. 24, 26.  In telephone conferences with the Court, Defendant's counsel has indicated that Defendant is no longer in business and that Defendant's counsel has been unable to communicate with Defendant.  Currently before the Court is Plaintiff's motion to strike Defendant's answer and for entry of default.

When a defendant fails to engage in discovery or otherwise participate in litigation, courts have routinely found it appropriate to strike their answer and enter default against that defendant. *See Vargas v. Jet Peru-Courier Corp.*, No. 15-cv-6859, 2018 WL 1545699, *1 (E.D.N.Y. Mar. 14, 2018); *Silverman & Silverman, LLP v. Pacifica Foundation*, No. 11-cv-1894, 2014 WL 3724801, *4 (E.D.N.Y. July 25, 2014); *Garis v. Gypsum Resources Materials, LLC*, No. 2:16-cv-2534, 2017 WL 7518924, *1 (D. Nev. Nov. 22, 2017) (holding that an answer may be stricken if the defendant fails to defend itself) (citations omitted).  Given that Defendant failed to consummate the settlement agreement reached with Plaintiff and has since failed to participate in this litigation in any way since the Court was forced to reopen this matter, the Court finds that it is appropriate to strike Defendant's answer and direct the Clerk of the Court to enter default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to strike Defendant's answer and for Clerk's entry of default (Dkt. No. 27) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court is directed to **STRIKE** Defendant's answer (Dkt. No. 10); and the Court further

**ORDERS** that the Clerk of the Court is directed to enter default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that Defendant shall file its motion for default judgment within **fourteen (14) days** of the date that the Clerk of the Court enters default; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 19, 2020
            Albany, New York

Mae A. D'Agostino
U.S. District Judge

3