UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANDY SMITH,

                              **Plaintiff,**

    vs.                                                    1:19-CV-1229
                                                           (MAD/DJS)

NATIONS RECOVERY CENTER, INC.,

                              **Defendant.**
_____

APPEARANCES:                                        OF COUNSEL:

**AGRUSS LAW FIRM, LLC**                   **JAMES J. PARR, ESQ.**
4809 N. Ravenswood Avenue
Suite 419
Chicago, Illinois 60640
Attorneys for Plaintiff

**HORMOZDI LAW FIRM, LLC**             **SHIREEN HORMOZDI, ESQ.**
1770 Indian Trail Lilburn Road
Suite 175
Norcross, Georgia 30093
Attorneys for Plaintiff

**BARRON, NEWBURGER LAW OFFICE**    **ARTHUR SANDERS, ESQ.**
30 South Main Street
New City, New York 10956
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      On October 4, 2019, Sandy Smith ("Plaintiff") commenced this action alleging that Nations Recovery Center, Inc. ("Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). *See* Dkt. No. 1. Currently before the Court is Plaintiff's

1

unopposed motion for default judgment against Defendant brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 30. Defendant answered the complaint on November 18, 2019, which has since been stricken. *See* Dkt. No. 10.

The Court has taken the facts set forth below from Plaintiff's complaint and attached exhibits. Plaintiff is a "consumer" as defined in the FDCPA. *See* Dkt. No. 1 at ¶ 6. Defendant is a Georgia limited liability company and debt collection agency with a principal place of business in Fulton County, Georgia, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6). *See id.* at ¶¶ 7, 9. According to the complaint, Defendant claims that Plaintiff owes a debt "aris[ing] from transactions for personal, family, and household purposes" (the "Debt"). *Id.* at ¶¶ 16-17. However, Plaintiff's complaint alleges that she did not owe this Debt, but rather only has a similar name to the proper debtor. *Id.* at ¶¶ 18-19. In an attempt to collect the Debt, Defendant began calling Plaintiff in November 2018. *Id.* at ¶ 21. Subsequently, Plaintiff left a voicemail for Defendant expressing that she did not want Defendant to call her. *Id.* at ¶¶ 24-25. However, Defendant continued to call. *Id.* at ¶ 26.

Plaintiff commenced this action on October 4, 2019 by filing a complaint against Defendant alleging that Defendant's repeated communication violated the FDCPA. *See* Dkt. No. 1. Specifically, Plaintiff contends that Defendant violated Sections 1692b(3), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(10), and 1692f by contacting Plaintiff more than once, doing so with intent to annoy, abuse, or harass, making a false representation of the legal status of an alleged debt and using deceptive means to collect it, and using unfair or unconscionable means to collect that debt. *See* Dkt. No. 1 at ¶ 31. Plaintiff served the Summons and Complaint on Defendant on October 8, 2019, making the response due on October 29, 2019. *See* Dkt. No. 5.

Defendant filed an answer in response to the complaint on November 18, 2019. *See* Dkt. No. 10. Subsequently, Plaintiff filed a notice of settlement on January 2, 2020, and this Court entered an Order of Dismissal by Reason of Settlement. *See* Dkt. No. 21; Dkt. No. 22. When Defendant failed to consummate the settlement agreement, Plaintiff filed a motion to reopen the case on May 24, 2020, which this Court granted on June 25, 2020. *See* Dkt. No. 24; Dkt. No. 26.

On August 5, 2020, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff moved to strike Defendant's answer and requested an entry of default judgment against Defendant. *See* Dkt. No. 27. Defendant's answer was stricken pursuant to this Court's order on October 19, 2020. *See* Dkt. No. 28. On October 29, 2020, the Clerk of the Court entered default against Defendant. *See* Dkt. No. 29. On November 2, 2020, Plaintiff filed the present motion seeking a default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 30. Defendant has not responded to that motion.

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *United States v. Carpineta*, No. 3:14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "'First, under Rule 55(a), when a party fails to plead or otherwise defend ... the clerk must enter the party's default.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.* (quotation and other citation omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch.*

3

*Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation and other citation omitted).

Additionally, the Local Rules require the party moving for default judgment to submit an affidavit stating the following:

> 1. The party against whom it seeks judgment is not an infant or an incompetent person;
>
> 2. The party against whom it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;
>
> 3. The party has defaulted in appearance in the action; [and]
>
> 4. Service was properly effected under Fed. R. Civ. P. 4 ....

N.D.N.Y.L.R. 55.2(a).

In the present matter, the Court finds that Plaintiff complied with the procedural requirements necessary for the Court to grant the motion for default judgment. Specifically, Plaintiff affirmed that Defendant is not an infant or an incompetent person. *See* Dkt. No. 30-1 at ¶ 48. Since Defendant is a limited liability company, it is inferred that Defendant is not in military service. *See* Dkt. No. 1 at ¶ 9. Further, Defendant was properly served in accordance with Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure. *See* Dkt. No. 30-1 at ¶ 9.

For a court to enter default judgment, "'there must be a sufficient basis in the pleadings for the judgment entered.'" *West Coast 2014-7, LLC v. Lieberman*, No. 1:15-CV-1142, 2017 WL 6210825, *2 (N.D.N.Y. Dec. 8, 2017) (quotation and other citation omitted). Accordingly, Plaintiff may be granted default judgment if the well-pleaded allegations of the complaint establish the alleged FDCPA violations. *See Curves Int'l, Inc. v. Cleveland*, No. 5:11-CV-426, 2013 WL 204658, *1 (N.D.N.Y. Jan. 17, 2013).

Plaintiff brings this action pursuant to 15 U.S.C. § 1692, *et seq.*, contending that Defendant violated Sections 1692b(3), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(10), and 1692(f). *See* Dkt. No. 1 at ¶ 31. "To state a claim for a violation of the FDCPA, 'a plaintiff must establish three elements: (1) the plaintiff must be a "consumer" who is alleged to owe a debt or the target of efforts to collect a consumer debt; (2) the defendant must be a "debt collector"; and (3) the defendant must have engaged in conduct violating FDCPA requirements.'" *Palmer v. Simon's Agency, Inc.*, No. 6:19-CV-114, 2020 WL 1332829, *3 (N.D.N.Y. Mar. 23, 2020) (quotation and other citation omitted), *aff'd*, 833 Fed. Appx. 838 (2d Cir. 2020). "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "Under this standard,

'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319).

 First, Plaintiff claims that Defendant violated 15 U.S.C. § 1692b(3) by "communicating with Plaintiff more than once." *See* Dkt. No. 1 at ¶ 31a. Under § 1692b(3), "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once ...." 15 U.S.C. § 1692b(3). While the complaint alleges that Defendant called Plaintiff multiple times—even after she left a voicemail articulating that she did not want to be contacted—Plaintiff has overlooked the language of the statute. *See* Dkt. No. 1 at ¶¶ 24-26. Plaintiff does not allege that Defendant was communicating to acquire location information about the consumer. Rather, Plaintiff alleges that Defendant continually contacted Plaintiff because the proper debtor and Plaintiff "share similar names." *See* Dkt. No. 1 at ¶ 19. Accordingly, Plaintiff has not sufficiently alleged a violation of Section 1692b(3).

 Plaintiff next claims that Defendant violated 15 U.S.C. §§ 1692d and 1692d(5). *See* Dkt. No. 1 at ¶ 31b-d. The statute prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt[,]" such as "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §§ 1692d, 1692d(5). "[T]he list of specified violations [of the anti-harassment provision] is explicitly not exhaustive ...." *Bank v. Pentagroup Fin., LLC*, No. 08-CV-5293, 2009 WL 1606420, *5 (E.D.N.Y. June 9, 2009). Since Plaintiff has endured "unabated" phone calls from Defendant for a debt she did not owe, *see* Dkt. No. 1 at ¶ 26, the

Court finds that Plaintiff has sufficiently alleged a violation of 15 U.S.C. §§ 1692d and 1692d(5). *See Doyle v. Midland Credit Mgmt., Inc.*, No. 11-CV-5571, 2012 WL 1666397, *1, 4 (E.D.N.Y. May 11, 2012) (denying a motion to dismiss where a defendant repeatedly called a plaintiff who did not owe a debt), *dismissed on other grounds*, 2012 WL 5210596, *2, 4 (E.D.N.Y. Oct. 23, 2012) (holding that the action was moot after the plaintiff rejected defendant's offer of settlement), *aff'd*, 722 F.3d 78 (2d Cir. 2013).

Furthermore, Plaintiff claims that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) by falsely representing the character, amount, or legal status of the Debt Defendant tried to collect from Plaintiff and by being deceptive in its attempt to collect that Debt.  *See* Dkt. No. 1 at ¶ 31e-g.  Specifically, Defendant represented Plaintiff as the debtor when she did not owe the alleged Debt.  *See* Dkt. No. 1 at ¶ 31f.  Under the statute, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  A defendant may not falsely represent "the character, amount, or legal status of any debt" or "use ... any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§ 1692e(2)(A), 1692e(10).  This Court concludes that Plaintiff sufficiently alleged that, to collect a debt that Plaintiff allegedly did not owe, Defendant falsely represented the legal status of the Debt and falsely represented that Plaintiff owed this debt.  *See DeWolf v. Samaritan Hosp.*, No. 1:17-cv-0277, 2018 WL 3862679, *4 (N.D.N.Y. Aug. 14, 2018) (holding that Section 1692e(2)(A) was violated when debt collectors sued to collect a debt that the plaintiff allegedly did not owe); *Robinson v. Transworld Sys., Inc.*, 876 F. Supp. 385, 393 (N.D.N.Y. 1995) (holding that Section 1692e(10) was violated when a debt collector asserted that a debt was valid before it was legally allowed to assume so).

Finally, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692f by using "unfair or unconscionable means" to collect the debt.  *See* Dkt. No. 1 at ¶ 31h.  Section 1692f "was 'enacted specifically "to catch conduct not otherwise covered by the FDCPA," because Congress was "[c]ognizant that it could not anticipate every improper practice used by debt collectors."'" *DeWolf*, 2018 WL 3862679, at *5 (quoting *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 530 (S.D.N.Y. 2013)) (other citation omitted).  Plaintiff did not specify any of Defendant's conduct that violates Section 1692f.  *See* Dkt. No. 1 at ¶ 31h.  Therefore, Plaintiff has not sufficiently alleged a violation of Section 1692f.

While Plaintiff has not sufficiently alleged violations of Sections 1692b(3) and 1692f, Plaintiff has sufficiently alleged violations of Sections 1692d, 1692d(5), 1692e, 1692e(2)(A), and 1692e(10).  Plaintiff is therefore entitled to default judgment on her FDCPA claim.

Plaintiff seeks $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k.  *See* Dkt. No. 30-1 at ¶ 18.  "The FDCPA provides that ... 'any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to ... such additional damages as the court may allow, but not exceeding $1,000." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008).  Because Plaintiff sufficiently alleged that Defendant violated the FDCPA, Plaintiff is entitled to $1,000 in statutory damages.

Plaintiff additionally seeks attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). Under the FDCPA, "a prevailing party may recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" *Azzara v. Nat'l Credit Adjusters, LLC*, No. 1:16-cv-01213, 2017 WL 2628875, *3 (N.D.N.Y. June 19, 2017) (quoting *Stevens v. EOS CCA*, No. 5:16-cv-01076, WL 1423242, *1 (N.D.N.Y. Apr. 21, 2017)).  "In awarding attorney fees, the

district court is to determine the 'presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours.'" *Genito v. Forster*, No. 6:15-cv-00954, 2016 WL 3748184, *1 (N.D.N.Y. July 11, 2016) (quoting *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011)).

The Court begins with the lodestar method and "multipl[ies] the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." *Id.* (quotation and other citations omitted).  This amount should be consistent with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quotation and other citations omitted).  "[T]he district court 'should exclude ... hours that were not "reasonably expended,"' including 'hours that are excessive, redundant, or otherwise unnecessary.'" *Id.* at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)) (citation omitted).

Plaintiff seeks $7,032.90 in attorneys' fees. *See* Dkt. No. 30-1 at ¶ 19.  Plaintiff specifies that this amount is for 17.80 hours of legal work performed by James Parr, Esq. at a rate of $348 per hour and 6.5 hours of legal work performed by Jacqueline Laino, a paralegal, at a rate of $129 per hour. *See* Dkt. No. 30-12.  Plaintiff provided the Court with detailed records with the amount of time he and the paralegal spent on the case. *See id.*  Moreover, Mr. Parr cites the 2017-2018 United States Consumer Law Survey Report, which indicates that the median fee for attorneys in credit rights cases is $350 per hour. *See id.*  Mr. Parr, an associate attorney, has experience with over 600 consumer rights cases, and worked as a paralegal with an emphasis in consumer law for seven years before entering his current position in 2016. *See* Dkt. No. 30-1 at ¶¶ 26-30.  While Mr. Parr has been awarded up to $325 for his work in the Western District of Missouri, *see* Dkt. No. 30-1 at ¶ 23, this District has found "the prevailing hourly rate for experienced counsel in an

9

FDCPA case in this District is $250." *Davis-Fisk v. Overton, Russell, Doerr & Donovan, LLP*, No. 1:17-CV-1047, 2018 WL 4509489, *7 (N.D.N.Y. Sept. 19, 2018). For a paralegal, the Court finds that $100 per hour, while on the high end of paralegal rates for FDCPA cases in this District, is reasonable. *See Muldowney v. Merit Recovery Sys., Inc.*, No. 5:18-CV-1057, 2019 WL 2024760, *6 (N.D.N.Y. May 8, 2019); *Van Echaute v. Law Office of Thomas Landis, Esq.*, No. 6:09-cv-1071, 2011 WL 1302195, *4 (N.D.N.Y. Mar. 31, 2011). Thus, Mr. Parr's work will be awarded at $250 per hour and Ms. Laino's work will be awarded at $100 per hour. Additionally, the hours expended were not excessive. Therefore, the Court awards the requested attorneys' fees in the amount of $5,100 for 17.8 hours of attorney work and 6.5 hours of paralegal work.

Plaintiff seeks an award of $400 for the cost of filing this action and $60 for the service of the summons and the complaint. *See* Dkt. No. 30-12. Plaintiff is entitled to an award of $460 in costs under 15 U.S.C. § 1692k(a)(3).

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED** in the amount of $1,000 in statutory damages, $5,100 in attorneys' fees, and $460 in costs; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: April 6, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge