UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANDY SMITH,

                                   **Plaintiff,**

  vs.                                                         1:19-cv-1229
                                                                 (MAD/CFH)

NATIONS RECOVERY CENTER, INC.,

                                   **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**AGRUSS LAW FIRM, LLC**                   **JAMES J. PARR, ESQ.**
4809 N. Ravenswood Avenue
Suite 419
Chicago, Illinois 60640
Attorneys for Plaintiff

**HORMOZDI LAW FIRM, LLC**              **SHIREEN HORMOZDI, ESQ.**
1770 Indian Trail Lilburn Road
Suite 175
Norcross, Georgia 30093
Attorneys for Plaintiff

**BARRON, NEWBURGER LAW OFFICE**    **ARTHUR SANDERS, ESQ.**
30 South Main Street
New City, New York 10956
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Sandy Smith ("Plaintiff" and "Judgment Creditor") moves to compel production of certain materials from Defendant Nations Recovery Center, Inc. ("Defendant" and "Judgment Debtor") in connection with efforts to enforce a judgment that this Court entered against Defendant on April 6, 2021. Dkt. No. 32. As set forth below, Plaintiff's motion for a judgment debtor examination is granted.

1

On April 6, 2021, this Court awarded Plaintiff a default judgment against Defendant in the total amount of $6,560, consisting of $1,000 in statutory damages, $5,100 in attorneys' fees, and $460 in costs ("Judgment").  *See* Dkt. No. 31, 32.  The Judgment follows a history of Defendant's non-responsiveness and lack of participation in this litigation since the Court was forced to reopen that matter.

Plaintiff commenced this action on October 14, 2019, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  *See* Dkt. No. 1.  On November 18, 2019, Defendant filed its answer.  *See* Dkt. No. 10.  On January 2, 2020, Plaintiff filed her notice of settlement and on January 3, 2020, this Court dismissed the case by reason of settlement.  *See* Dkt. No. 22.  However, on May 18, 2020, Plaintiff moved by letter to reinstate the case because Defendant failed to consummate the settlement.  *See* Dkt. No. 23.  Following a telephone conference with parties during which Defendant's counsel informed the Court that he believed Defendant may have ceased operations but failed to inform counsel, this Court permitted Plaintiff to file a motion to reopen the case.  *See* Dkt. No. 24.

On June 25, 2020, this Court ordered the case to be reopened.  Plaintiff moved to strike Defendant's answer, which the Court granted October 19, 2020, and directed the Clerk of the Court to enter default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* Dkt. Nos. 27, 28, 29.  Plaintiff filed a motion for default judgment on November 2, 2020, which the Court granted on April 6, 2021.  Currently before the Court is Plaintiff's motion for judgment debtor examination of Paul Bataillon, who is registered with the New York Department of State as the Chief Executive Officer of Defendant.  Dkt. No. 33.  Defendant has not responded to the pending motion.

Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "Discovery of a judgment debtor's assets is conducted routinely" under this rule. *First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002). "[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Id.* (quoting *Caisson Corp. v. County West Bldg. Corp.*, 64 F.R.D. 331, 334 (E.D. Pa. 1974)); *see also Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) ("[T]he scope of post-judgment discovery is broad, and a judgment creditor is entitled to a very thorough examination of a judgment debtor with respect to its assets") (internal punctuation, alternations and citations omitted). New York law provides that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena" at "any time before a judgment is satisfied or vacated." N.Y. C.P.L.R. § 5223; *see also Giuliano v. N.B. Marble Granite*, No. 11-MD-753, 2014 WL 2805100, *3 (E.D.N.Y. June 20, 2014); *Vicedomini v. A.A. Luxury Limo Inc.*, No. 18-CV-7467, 2021 WL 620932, *1 (E.D.N.Y. Feb. 17, 2021); N.Y. C.P.L.R. §§ 2303(a), 5224(a)(3). "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *see also Argonaut Ins. Co. v. Manetta Enter, Inc.*, No. 19-CV-482, 2021 WL 3603395, *3 (E.D.N.Y. Aug. 13, 2021). Additionally, the court "may also, at any time, on petition of the assignee or any party interested, order the examination of witnesses and the production of any books and papers by any party or witness before [the judge.]" N.Y. Debt. & Cred. Law § 16.[1]

---

[1]  Note that the law of Georgia, the state in which Defendant company is located, also

3

Given that Defendant offers no response or objection to Plaintiff's motion, the Court finds it appropriate to grant Plaintiff's motion for a judgment debtor examination of Paul Bataillon, as Chief Executive Officer of Defendant Nations Recovery Center, Inc., and to order Mr. Bataillon to produce the documents requested in the motion.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion Judgment Debtor Examination (Dkt. No. 33) is **GRANTED**; and the Court further

**ORDERS** that Defendant/Mr. Bataillon shall produce the following documents at the Judgment Debtor Examination:

1. Any and all documentation regarding Defendant's corporate structure, including but not limited to Defendant's articles of incorporation, any and all documents sent to the Secretary of State in New York, or any other state, to obtain a license or other authorization to conduct business in that state, and an organizational chart of Defendant's company including the names of all corporate officers and employees;

2. Any and all checking and savings account statements held in the name of NATIONS RECOVERY CENTER, INC. from 2018 to present, including but not limited to general accounts, corporate accounts, business accounts, trust accounts, and savings accounts;

---

provides for a judgment creditor to "[c]ompel the production of documents" "[i]n aid of the judgment[.]" O.C.G.A. § 9-11-69; *see also Heard v. Ruef*, 347 Ga. App. 1, 3, 815 S.E.2d 607, 609 (2018) (quoting *Ostroff v. Coyner*, 187 Ga. App. 109, 117 (6), 369 S.E.2d 298 (1988)) ("The purpose of OCGA § 9-11-69 is to allow post judgment discovery to aid a litigant to recover on a liability which has been established by a judgment, in the manner provided for such discovery measures prior to judgment").

3. Any and all ledgers or accounting information relating in any way to NATIONS RECOVERY CENTER, INC. its subsidiaries, and any other company owned or controlled by NATIONS RECOVERY CENTER, INC.;

4. Any and all documents evidencing federal and state taxes paid or filed from the years 2018 to present on behalf of NATIONS RECOVERY CENTER, INC.;

5. Any and all W-2 statements for 2018 to present for all employees and/or agents of Defendant;

6. Any and all statements, receipts, or any other documents of any petty cash, or similarly named funds, used in connection with NATIONS RECOVERY CENTER, INC. from the years 2018 to present;

7. Any and all certificates of ownership, including deeds, titles, certificates of stock, etc., evidencing any ownership of assets, real property, or other assets that are owned by NATIONS RECOVERY CENTER, INC.;

8. Copies of any quarterly, monthly, or other statements for any stocks, mutual funds, or other equities owned by NATIONS RECOVERY CENTER, INC.;

9. Copies of all documents evidencing payments of dividends or profit shares to the shareholders, owners, and/or subsidiaries of NATIONS RECOVERY CENTER, INC.;

10. Any and all written documents related to all leases, entered into and/or contemplated, in connection with any real property owned by NATIONS RECOVERY CENTER, INC.;

11. Documents evidencing any transfer of real or personal property from any account owned by NATIONS RECOVERY CENTER, INC. into a trust; corporate or business operating account; or any other account wherein NATIONS RECOVERY

CENTER, INC. is not the named account holder yet maintains access and/or control over the account;

12. Any and all documents relating to any vehicles owned operated, maintained, leased, or otherwise used by NATIONS RECOVERY CENTER, INC. for any purpose;

13. Copies of any and all lawsuits, of any kind or nature, wherein NATIONS RECOVERY CENTER, INC. (or any similar name, spelling, or shell corporation relating to NATIONS RECOVERY CENTER, INC.), is named as either a Defendant or Plaintiff, from the years 2018 to present;

14. Copies of any and all expense reports, including inventory ledgers, accounting expense sheets, bookkeeping records, receipts, credit card transcripts, or any other records, that indicate the currently monthly expenses and/or income/cash flow of NATIONS RECOVERY CENTER, INC., and any other business enterprise owned by NATIONS RECOVERY CENTER, INC., from the years 2018 to present; and

15. All minutes and/or notes taken by Defendant's representatives at its board/owners/shareholders' meetings, not including those taken by Defendant's attorneys regarding pending or anticipated litigation.

**ORDERS** that Mr. Bataillon, as Chief Executive Officer of NATIONS RECOVERY CENTER, INC., shall appear for a Judgment Debtor Examination, at a date and time to be set by Plaintiff's counsel; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 9, 2021
      Albany, New York

_Mae A. D'Agostino_
U.S. District Judge